IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIOUS DWAN JONES, | No. 4:24-CV-02254 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| WARDEN BETH RICKARD, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

MARCH 28, 2025

Plaintiff Demetrious Dwan Jones filed the instant *pro se* civil rights lawsuit alleging Eighth Amendment violations by federal officials during and following his transport to FCI Schuylkill. He asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), which sound in deliberate indifference to serious medical needs. Jones may also be attempting to assert a claim under the Federal Tort Claims Act (FTCA),[1] although he does not expressly do so. Jones fails to state a claim for relief, so the Court will dismiss his complaint under 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

I.   BACKGROUND

Jones recounts that, on February 20, 2024, he was involved in a bus accident during his transfer to FCI Schuylkill.[2] He alleges that the driver of one prison bus

---

[1]   28 U.S.C. §§ 1346, 2671 *et seq.*
[2]   Doc. 1 at 1, 4; Doc. 1-1 at 1.

(Bus #2) collided with another prison bus (Bus #1), forcing Bus #1 "into a tractor trailer" and then rebounding into Bus #2.[3] Jones avers that the shackled and "unseatbelted" inmates in the buses were "tossed around" and injured.[4]

Jones alleges that he suffered "whiplash" and "back pains" from the accident.[5] He further alleges that, immediately after the accident and when he reached FCI Schuylkill, he was denied proper medical care.[6] Specifically, he contends that "Medical" took no X-rays for weeks, issued no pain killers, and ignored his "serious injury complaints of whiplash and back pains."[7] He further claims that when treatment and testing were eventually provided, it was in an untimely fashion.[8]

According to Jones' complaint and the documents attached thereto, he initially pursued his claim through the FTCA administrative tort claim system.[9] His administrative claim (# TRT-NER-2024-03791) was denied on August 27, 2024.[10] That administrative rejection included notice of Jones' right to bring an action "against the United States" in federal court within six months of the date of the denial.[11]

---

[3] Doc. 1 at 5.
[4] Id.
[5] Id.
[6] Id.
[7] Id.
[8] Id.
[9] See id. at 6-8; Doc. 1-1 at 2-3.
[10] See Doc. 1-1 at 2.
[11] See id.

Jones lodged the instant lawsuit on December 27, 2024.[12] He sues the following defendants: Warden Beth Rickard, John Doe #1 (Bus Driver #1), John Doe #2 (Bus Driver #2), and "Medical John Doe."[13] He appears to assert Eighth Amendment *Bivens* claims alleging deliberate indifference to serious medical needs.[14] It is possible that he is also seeking to pursue an FTCA claim against the United States, but he does not include any such claim in his pleading. Jones requests compensatory damages in the amount of $500,000 and additionally seeks punitive damages.[15]

## II.  STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[16] One basis for dismissal at the screening stage is if the complaint "fails to state a claim

---

[12] *See generally* Doc. 1.
[13] *See id.* at 2-3. Jones purports to sue all federal officers in their individual and official capacities. *See id.* However, a suit against a federal officer in his or her official capacity is akin to a suit against the United States itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Treasurer of N.J. v. U.S. Dep't of Treasury*, 684 F.3d 382, 395-96 (3d Cir. 2012) (citing *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). Such suits are barred by sovereign immunity—and thus lack subject matter jurisdiction—unless the United States has expressly waived its immunity and consented to be sued. *See id.* Jones has not alleged or shown that the United States has waived its sovereign immunity for *Bivens* claims, and thus he has failed to establish subject matter jurisdiction for any official capacity *Bivens* claim asserted against Defendants. *See Chinchello v. Fenton*, 805 F.2d 126, 130 n.4 (3d Cir. 1986); *Tucker v. Sec. Health & Human Servs.*, 588 F. App'x 110, 115 (3d Cir. 2014) (nonprecedential). Those claims, therefore, must be dismissed pursuant to 28 U.S.C. § 1915A(b)(2).
[14] *See id.* at 3-4, 7.
[15] *Id.* at 5.
[16] *See* 28 U.S.C. § 1915A(a).

3

upon which relief may be granted[.]"[17]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[18]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[19]  The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[20]  In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[21]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[22]  At step one, the court must "tak[e] note of the elements [the]

---

[17] *Id.* § 1915A(b)(1).
[18] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[19] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996).
[20] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[21] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[22] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).

plaintiff must plead to state a claim."[23]  Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[24]  Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[25]  Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[26]

Because Jones proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[27]  This is particularly true when the *pro se* litigant, like Jones, is incarcerated.[28]

## III. DISCUSSION

At the outset, the Court observes that because Jones is suing federal actors for alleged constitutional deprivations, his claims implicate *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.[29]  Causes of action relying on *Bivens*, however, have been extremely circumscribed in recent years, and

---

[23] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[24] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[25] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[26] *Iqbal*, 556 U.S. at 681.
[27] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[28] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[29] 403 U.S. 388 (1971).  Jones also checked the box indicating that he is asserting a claim under *Bivens*.  *See* Doc. 1 at 3.

5

extending the *Bivens* remedy is now a decidedly "disfavored" judicial activity.[30] Nevertheless, the Court need not determine at this juncture whether a *Bivens* remedy exists for Jones' claims because he fails to state a constitutional violation. The Court will address Jones' pleading deficiencies in turn.

## A.   Personal Involvement

It is well established that in *Bivens* actions (as in lawsuits pursuant to 42 U.S.C. § 1983), liability cannot be predicated solely on the operation of *respondeat superior*.[31]  Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."[32]  Furthermore, it is equally settled that involvement in the post-incident grievance process alone does not give rise to liability.[33]

Jones' first pleading defect is his failure to allege personal involvement for Warden Rickard and the "Medical John Doe" defendant.  Although Jones names these federal officials in his complaint, he does not include any allegations of

---

[30]   *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017) (quoting *Iqbal*, 556 U.S. at 675).
[31]   *See Ashcroft v. Iqbal*, 556. U.S. 662, 676 (2009).
[32]   *Id.*
[33]   *See Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").

wrongdoing by them that would establish personal involvement in the purported constitutionally deficient medical care.

In one sentence in the "Injuries" section of his complaint, Jones alleges that he "[s]poke repeatedly directly to the Warden."[34] This single sentence is insufficient to plausibly allege a constitutional violation. Jones does not state when or how often he spoke with Warden Rickard, what information he discussed with her, or any other details that could establish personal involvement by the warden of FCI Schuylkill in a medical indifference claim.[35]

To plausibly plead a *Bivens* claim, Jones must specify each Defendant's personal involvement in the alleged constitutional misconduct. His complaint does not do so for Warden Rickard or "Medical John Doe" (about whom he has made no allegations). Instead, Jones vaguely alleges that "Medical" provided constitutionally deficient care, without delineating who was responsible for the purported Eighth Amendment violations.[36] Accordingly, the Court must dismiss the *Bivens* claims against these Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

---

[34] *See* Doc. 1 at 5.
[35] *See Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) (explaining that, when a prisoner is receiving care from medical providers, non-medical prison officials are generally "not chargeable with the Eighth Amendment scienter requirement of deliberate indifference" unless the non-medical official has reason to believe (or actual knowledge) that prison medical providers are mistreating or failing to treat a prisoner).
[36] *See* Doc. 1 at 5.

## B. Eighth Amendment Medical Indifference

In the context of prison medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated."[37] To state an Eighth Amendment deliberate indifference claim regarding inadequate medical care, a plaintiff must plausibly allege that "(1) he had a serious medical need, (2) the defendants were deliberately indifferent to that need; and (3) the deliberate indifference caused harm to the plaintiff."[38] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[39]

Deliberate indifference by prison officials may be evidenced by intentional refusal to provide care known to be medically necessary, delayed provision of medical treatment for non-medical reasons, denial of prescribed medical treatment, or denial of reasonable requests for treatment resulting in suffering or risk of injury.[40] Deliberate indifference to serious medical needs is an exacting standard,

---

[37] *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).
[38] *Durham v. Kelley*, 82 F.4th 217, 229 (3d Cir. 2023) (citation omitted); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003).
[39] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987).
[40] *See Durmer v. O'Carroll*, 991 F.2d 64, 68 & n.11 (3d Cir. 1993) (quoting *Lanzaro*, 834 F.2d at 346).

requiring a showing of "unnecessary and wanton infliction of pain."[41] Claims sounding in mere medical negligence will not suffice.[42]

Jones does not plausibly allege an Eighth Amendment medical indifference claim against any Defendant. First, it is questionable whether Jones' minor injuries from the accident (whiplash and back pain) constitute a "serious" medical need. Assuming they do, he has not alleged deliberate indifference or causation with respect to any Defendant.

As to Warden Rickard and Medical John Doe, Jones does not allege any personal involvement, so he obviously has not alleged deliberate indifference to a serious medical need. As to the bus drivers, if Jones is asserting an Eighth Amendment claim against them, there is no plausible allegation that they were involved in Jones' medical care.

In sum, while the gravamen of Jones' lawsuit asserts purportedly deficient medical care, he has not plausibly alleged an Eighth Amendment claim against any named Defendant. All *Bivens* medical indifference claims, therefore, must be dismissed pursuant to Section 1915A(b)(1).

### C.    Claims Against Bus Drivers

Jones sues the bus drivers but does not include any specific allegations against them beyond the fact that they caused the accident. It is unclear what type

---

[41] *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).
[42] *Rouse*, 182 F.3d at 197.

of *Bivens* claim Jones is attempting to assert against these officials (if he is asserting a *Bivens* claim against them at all).  His cursory allegations appear to implicate only negligence, implying that he seeks to assert a state-law tort claim under the Federal Tort Claims Act.  However, no such FTCA claim appears in Jones' complaint, and the Court cannot alter Jones' pleading to raise claims that Jones has not even attempted to allege.  Consequently, the Court must dismiss the unidentified John Doe bus drivers from this action, as Jones has not plausibly alleged a *Bivens* cause of action against either officer.

### D. Administrative Exhaustion

Jones alleges that he exhausted administrative remedies for the Eighth Amendment *Bivens* claims in his complaint.[43]  Whether he actually exhausted those claims, however, is unclear.  Jones attached a copy of his administrative tort claim denial to the complaint,[44] and appears to point to this process as evidence of exhaustion.  This document, however, is only evidence that Jones administratively pursued a tort claim against the United States for "personal injury" that is "caused by the negligent or wrongful act or omission of any employee" of the federal government.[45]  If Jones intends to assert a <u>constitutional</u> *Bivens* claim in this Court

---

[43]  *See* Doc. 1 at 6-8.
[44]  *See* Doc. 1-1 at 2.
[45]  28 U.S.C. § 1346(b)(1).

against a federal official, he was first required to exhaust that claim through the BOP's administrative remedy process.

The Prison Litigation Reform Act of 1995 (PLRA)[46] requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.[47] Proper exhaustion is mandatory, even if the inmate is seeking relief—like monetary damages—that cannot be granted by the administrative system.[48] Failure to properly exhaust generally results in the claim being procedurally defaulted and unreviewable.[49] The exhaustion process a prisoner must follow is governed by the contours of the prison grievance system in effect where the inmate is incarcerated.[50]

The BOP has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment.[51] That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel.[52]

---

[46] 42 U.S.C. § 1997e *et seq.*
[47] *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).
[48] *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).
[49] *See Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004).
[50] *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 90-91.
[51] *See generally* 28 C.F.R. §§ 542.10-.19.
[52] *See id.* §§ 542.13-.15.

Thus, if Jones wants to assert an Eighth Amendment claim of deliberate indifference to serious medical needs in federal court, he was first required to utilize the BOP's administrative remedy process and properly press this claim through all levels of administrative review, receiving a final decision on the merits.[53] However, it is unclear from the face of the complaint whether Jones sought such administrative relief, so there is no basis to dismiss the complaint under Section 1915A(b)(1) for failure to exhaust. Nevertheless, the Court admonishes Jones that any *Bivens* claim that he did not properly administratively exhaust with the BOP is likely procedurally defaulted and unreviewable.[54]

### E.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[55] Jones will be granted leave to amend in the event that he can plead facts that would plausibly state a *Bivens* claim against an appropriate federal actor or an FTCA claim against the United States.

If Jones chooses to file an amended complaint, it should be a stand-alone document, complete in itself and without reference to any previous pleadings. The

---

[53] *See Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)'" (citation omitted)).
[54] *See Spruill*, 372 F.3d at 230.
[55] *Grayson*, 293 F.3d at 114.

amended complaint should set forth Jones' claim (or claims) in short, concise, and plain statements, and in sequentially numbered paragraphs. Jones must leave one-inch margins on all four sides of his pleading.[56] He must also cure the defects specifically noted in this Memorandum.

In particular, Jones must name proper defendants and *specify* the offending actions taken by a particular defendant. This step is critical for Jones, as his initial complaint is largely devoid of allegations that demonstrate any Defendant's personal involvement in the purportedly deficient medical care. He must also sign the amended complaint and indicate the nature of the relief sought. If Jones does not timely file an amended complaint, dismissal of his complaint without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Jones' complaint pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which relief may be granted. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[56] *See* LOCAL RULE OF COURT 5.1.